# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10525
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN VILLASANA-OCAMPO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-578-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Juan Villasana-Ocampo pleaded guilty to illegal reentry after removal from the United States and was sentenced within the advisory guidelines range to 18 months of imprisonment and two years of supervised release. He argues that the district court erred by imposing the two-year supervised release term because he was convicted under 8 U.S.C. § 1326(a), which is a Class E felony with a one-year statutory maximum term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10525

As Villasana-Ocampo concedes, he did not raise this argument in the district court and, therefore, review is limited to plain error. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (setting out the plain error test).

The record shows that Villasana-Ocampo was convicted of the substantive offense under § 1326(a) but was sentenced pursuant to § 1326(b)(1), which is a sentencing enhancement provision and not a separate offense. *See Almendarez-Torres v. United* States, 523 U.S. 224, 228-35 (1998). The applicable statutory maximum prison term under § 1326(b)(1) is ten years, making his offense a Class C felony subject to a three-year maximum term of supervised release. 18 U.S.C. §§ 3559(a)(3), 3583(b)(2). He has thus shown no error in the imposition of a two-year term of supervised release, and certainly no reversible plain error. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.

2